IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIMEY L. DUFF,

        Plaintiff,                  No. CIV S-09-1053 GGH P

    vs.

SOLANO COUNTY SHERIFF'S
DEPARTMENT,                      <u>ORDER</u>

        Defendant.
_____/

        Plaintiff is a county inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 47.80 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1   The only named defendant in this action is the Solano County Sheriff's
2   Department. Plaintiff claims that in May, 2008, a shower shoe provided by the Solano County
3   Jail fell off and he fell backward hitting his head on a bus step, injuring his head, neck and back
4   and aggravating a prior knee injury. Complaint, p. 1. Plaintiff alleges that he lay on the sidewalk
5   unable to move and breathed the bus's exhaust fumes which made him sick, but that officers'
6   efforts to move him into a wheelchair were against his wishes. Id. Due to the amount of pain he
7   was suffering, the unnamed officers stopped trying to put him in a wheelchair, instead trying to
8   put a blanket under him to move him against his will, which caused plaintiff pain. Id.

    Plaintiff was placed in a holding cell where he began to cry from the pain for over
10  an hour, after which an officer who heard him called an unnamed doctor and ordered the guards
11  to get plaintiff off the floor. Complaint, pp. 1-2. After the doctor arrived, he was told by
12  unidentified guards that plaintiff need to be in court at which point the doctor said: "Take him to
13  court and then bring him to observation." Id., at 2. Guards then yanked plaintiff from the
14  ground, trying to force and bend plaintiff, with a swollen knee, into a wheelchair as plaintiff
15  screamed in pain. Id. Plaintiff's feet were dragging on the ground as he was taken to court; in
16  court, he slid from the wheelchair, crying on the courtroom floor, whereupon the judge asked
17  what had happened and was informed that plaintiff had fallen from the bus. Id. The judge
18  ordered the guards to get plaintiff immediate medical attention. Plaintiff was placed back in the
19  wheelchair, still crying and in pain, was placed on a bed without bedding in the medical unit, and
20  was seen by a doctor who just took plaintiff's blood pressure and issued a pain reliever. Id.
21  When plaintiff asked the doctor what he could do for him, the doctor asked what plaintiff wanted
22  him to do, after which plaintiff asked for relief from the pain; the doctor told plaintiff to let the
23  unidentified medicine prescribed do its work for a couple of days and that he would check on
24  plaintiff later. Id., at 2-3.

    An unnamed guard taunted plaintiff about his glasses, saying that if he wanted
26  them plaintiff "should get up and get them," after which he threw plaintiff's glasses, which

broke; another inmate retrieved them for plaintiff. Complaint, p. 3. Unnamed medical staff would sometimes deny plaintiff his medication if he could not get up to get it. Id. Plaintiff was moved from the medical section still in extreme pain, taken to a "regular module," then remove from there because he could not move fast enough or sleep on the floor. Plaintiff was then placed in isolation for a week until he could move without assistance. Id. He believes he has suffered permanent injuries due to the movement and medical neglect to which he was subjected. Id. Plaintiff is seeking two million dollars for pain and suffering and some unspecified form of "court's help." Id.

Although plaintiff has set forth a colorable claim of inadequate medical care in violation of the Eighth Amendment in this complaint seeking money damages, plaintiff has failed to link the claim to named individuals. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to sue individuals for money damages, plaintiff must name them so that the court may proceed to direct service of the complaint and summons. The complaint will be dismissed with leave to amend.

To the extent that plaintiff seeks to sue Solano County or the Solano County Sheriff's Department in a supervisory capacity for individual wrongdoing by some of its

employees, plaintiff may not seek to implicate the county or any municipality, pursuant to 42 U.S.C. § 1983, under a respondeat superior theory, that is, a municipality will not be held liable for constitutional torts of its employees under § 1983. Monell v. Department of Social Servs., 436 U.S. 658, 663 n. 7, 691, 98 S. Ct. 2018, 2022 n. 7, 2036 (1978). In order to proceed against the Solano County Sheriff's Department or Solano County, plaintiff must allege that the county engages in an unconstitutional practice, policy or custom.

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, supra, at 694, 98 S. Ct. at 2037-2038.

Thus, "[a] local government entity is liable under § 1983 when 'action pursuant to official municipal policy of some nature cause[s] a constitutional tort.'" Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) [internal citations omitted]. Liability of a local government entity may also be predicated on a "'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" Id. Such an alleged policy or custom of inaction, "however, must be the result of a 'conscious'....or 'deliberate choice to follow a course of action ...'" by official policymakers. Id. Also, liability may attach to a local governmental entity for a "failure to train its employees," where such a failure "'amounts to deliberate indifference to the rights of persons' with whom those employees are likely to come into contact." Id. Such an "'identified deficiency in a [local governmental entity's] training program must be *closely related* to the ultimate injury.'" Lee, supra, at 681, quoting City of Canton v. Harris, 489 U.S. 378, 391, 109 S. Ct. 1197, (1989) [emphasis added in Lee, supra]. Plaintiff has failed to frame a cognizable claim against the only named defendant, Solano County Sheriff's Department, so the complaint will be dismissed but plaintiff will be granted leave to amend within thirty days.

\\\\\

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 47.80. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

\\\\\
\\\\\
\\\\\
\\\\\

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: April 29, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
duff1053.b