IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIMEY L. DUFF,

        Plaintiff,                   No. CIV S-09-1053 LKK GGH P

    vs.

SOLANO COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, filed an action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to compel responses to their set one requests for production of documents, filed on May 19, 2010, to which motion plaintiff has failed to file an opposition. Defendants also ask that plaintiff be ordered to pay the sum of $910.00 to cover reasonable costs and attorneys' fees incurred in bringing the instant motion.

        Defendants point out that plaintiff was granted an extension of time to file a response to defendants' discovery requests by order filed on March 17, 2010. The court also notes that plaintiff failed to file any opposition to former defendant Villasenor's motion to dismiss, despite the court's having in the same order granted plaintiff an extension of time to do so. Plaintiff's failure to file the opposition was deemed a waiver of opposition (although the

motion was also found to have merit) and that defendant was dismissed.

By their motion, defendants Russell, Vargas, Herndon, Beck and Barilleaux seek an order from this court compelling plaintiff's responses to set one's eight requests for production of documents with respect to each defendant of the aforementioned defendants served upon plaintiff on January 27, 2010, to which, they aver, plaintiff has to date altogether failed to respond, despite the extension of time noted above, granting plaintiff until April 12, 2010, to do so. Motion to Compel (MTC), pp. 1-2, citing the Declaration of Matthew Ross Wilson, ¶¶ 3-7, Exhibits (Exs.) A - E; Declaration in Lieu of Reply. Defendants' counsel noted that, plaintiff was informed by letter, dated March 16, 2010, that there was no objection to his serving his responses/production by April 15, 2010. MTC, Declaration of Kathleen Williams, ¶ 3, Ex. A. In those requests, plaintiff was asked for any documents supporting any contention that defendants were deliberately indifferent to plaintiff's medical needs; denied, interfered with or delayed his medical treatment; subjected him to cruel and unusual punishment or violated any other constitutional right; or that he suffered any injury. MTC, Ross Dec., Ex. A-E. All of these requests are relevant to plaintiff's claims of having been injured in a fall while exiting a bus at Solano County Jail and of having subsequently suffered delayed and inadequate medical treatment. See Amended Complaint, pp. 1-8.

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Id. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the

information by discovery...."; or if the proposed discovery is overly burdensome.  Fed. R. Civ. P. 26(b)(2)(C)(I), (ii) and (iii).

        Plaintiff offers no explanation for his failure to respond to the requests or the motion, and the motion will be granted.  Further, plaintiff's wholesale lack of responsiveness to pending motions in this court appears to be part of an emerging pattern of failing to prosecute this case.   The court will direct plaintiff to show cause within twenty-eight days why this case should not be dismissed for failure to prosecute.  See Local Rule 110; Fed. R. Civ. P. 41(b); Roadway Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980) [citations omitted].  Failure to do so will result in a recommendation that this case be dismissed for plaintiff's failure to prosecute.

> "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [FN3] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."

Roadway Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), quoting Link v. Wabash Railroad Co., 370 U.S. 626, 629-630, 82 S. Ct. 1386, 1388 (1962); Plaut v. Spendthrift , 514 U.S. 211, 228, 115 S. Ct. 1447, 1457 (1995) ("[t]he rules of finality, both statutory and judge made, treat," inter alia, dismissals "for failure to prosecute: as a judgment on the merits.").[1]

        As to the question of the imposition of monetary sanctions, plaintiff is a prisoner proceeding pro se and in forma pauperis.  Imposition of sanctions upon an indigent litigant may well be an exercise in futility.  Moreover, it appears that defendants' counsel has somewhat overestimated the cost of bringing the motion to compel, initially predicated in part on a calculation of the amount of time it would take to review and respond to plaintiff's opposition, an

---

[1] While the only other defendant, Dr. Kadevari, is represented by separate counsel and is not a party to this motion to compel discovery, plaintiff's failure to show cause with respect to his apparent failure to prosecute as to the other defendants will nevertheless result in a recommended dismissal of the entire action.

opposition which was never filed. See MTC, Williams Dec. ¶¶ 4-6. Therefore, the $910 cost assessed should be reduced to $650.00. Although the court will not impose monetary sanctions at this time, the request will be granted on the condition that if this matter should proceed to trial and judgment be rendered in favor of plaintiff, any damages award will be reduced by $650.00 and this amount awarded to counsel for defendants Russell, Vargas, Herndon, Beck and Barilleaux on behalf of these defendants for the cost of bringing this motion to compel necessitated by plaintiff's lack of diligence.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel responses to set one of defendants' requests for production of documents, filed on May 19, 2010 (docket # 37), is granted;

2. Plaintiff must serve responses upon defendants Russell, Vargas, Herndon, Beck and Barilleaux and any and all responsive production in response to set one of the requests for production of documents previously served on him by these defendants, as well as file proof of service thereof, within twenty-eight days; there will be no further extension of time;

3. In addition, plaintiff must show cause, within twenty-eight days, why this case should not be dismissed for plaintiff's failure to prosecute; failure to do so will result in a recommendation that this action be dismissed with prejudice; and

4. Defendants' request for sanctions for plaintiff's failure to respond to defendants' discovery requests timely necessitating the filing of this motion to compel discovery is granted as modified and on the deferred basis and subject to the conditions stated above.

DATED: 10/06/10

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
duff1053.mtc